**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **EVERETT ROSE,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 10-CV-2198 |
| ) | |
| **JESSE MONTGOMERY, Chief of Parole[1],** ) | |
| ) | |
| Respondent. ) | |

## OPINION

Petitioner, Everett Rose, filed this Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (#1) on April 19, 2010. On February 14, 2011, Respondent, Jesse Montgomery, filed his Motion to Dismiss Without Prejudice (#16). For the following reasons, Respondent's Motion to Dismiss Without Prejudice (#16) is GRANTED and Petitioner's Petition (#1) is dismissed without prejudice.

### BACKGROUND

Petitioner was convicted in the Circuit Court of Macon County, Illinois, of criminal sexual assault for having sex with a 29-year old woman, R.R., who was incapable of consent. On direct appeal, Petitioner raised four issues: (1) sufficiency of the evidence; (2) constitutionality of the statute under which he was convicted; (3) whether the jury instructions given by the trial court violated his right to a fair trial; and (4) ineffective assistance of counsel. The Fourth District Appellate Court affirmed Petitioner's conviction in a Rule 23 Order, People v. Everett Rose, No.

---

[1] Since filing his Petition (#1), Petitioner has been released on parole. Therefore, the court directs the clerk to substitute Jesse Montgomery, Chief of the Parole Division of the Illinois Department of Corrections (IDOC), for Warden John Evans.

4-06-0540, dated January 29, 2008. A Petition for Leave to Appeal (PLA) was denied by the Illinois Supreme Court on May 29, 2008.

Petitioner filed a post-conviction petition in the Circuit Court of Macon County, dated April 28, 2009. In this petition, Petitioner appears to argue (1) his Sixth Amendment rights were violated due to the failure of the trial court to properly instruct the jury and (2) the state's attorney improperly misled the jury with false facts, thus the evidence, particularly DNA evidence, was insufficient to prove him guilty beyond a reasonable doubt. Petitioner also appears to make an argument that he was not properly given Miranda v. Arizona, 384 U.S. 436, 444 (1966) warnings by investigating officers. On November 6, 2009, the circuit court appointed counsel to represent Petitioner on the post-conviction petition. Since that time there have been several motions to continue, mostly at the request of Petitioner's counsel. Petitioner's counsel also made a motion to have Petitioner's fitness examined. On March 1, 2011, Petitioner was found fit so as to be able to participate in court proceedings. According to the website of the Macon County Circuit Court, a status conference has been set for the post-conviction petition on June 7, 2011, while giving time to Petitioner's counsel to file any amendments to the post-conviction petition.

On April 19, 2010, Petitioner filed this Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (#1). In the Petition (#1), Petitioner argues that there was not enough evidence to convict him beyond a reasonable doubt based on DNA evidence and false statements. Petitioner also appears to argue investigators conducted an illegal search. In its Motion to Dismiss (#16), the Respondent argues that the Petition should be dismissed because Petitioner has not exhausted his available state court remedies, as his post-conviction petition, which contains overlapping claims with his habeas Petition (#1), has not yet been ruled on by the Macon County court.

ANALYSIS

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Supreme Court of the United States "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991). State courts must have the first opportunity to address and correct potential violations of a prisoner's federal rights and for that opportunity to be meaningful, the prisoner must fairly present to each appropriate state court his constitutional claims before seeking relief in federal court. Perruquet v. Briley, 390 F.3d 505, 513 (7th Cir. 2004).

In this case, claims in Petitioner's habeas Petition (#1) overlap with claims in his state post-conviction petition. That state post-conviction petition remains pending before the Macon County Circuit Court and has not been ruled on. A status conference is scheduled for June 7, 2011, on the post-conviction petition. The question now is whether this court should dismiss Petitioner's Petition (#1) or grant a stay and abeyance until the conclusion of the state court proceedings. In Rhines v. Weber, 544 U.S. 269 (2005), the U.S. Supreme Court ruled that a stay and abeyance should only be granted in limited circumstances where Petitioner had good cause for his failure to exhaust. Rhines, 544 U.S. at 277. Petitioner has not made a showing that the limited circumstances favoring a stay are present in his case. Therefore, as the Illinois courts have not yet had a chance to rule on issues raised in Petitioner's habeas Petition (#1), this court dismisses the Petition (#1) without prejudice, with leave for Petitioner to refile once the State courts have ruled on his post-conviction petition.

Further, it should be noted that the delay in ruling on Petitioner's post-conviction petition does not appear to be untimely or inordinate. 28 U.S.C. § 2254(b)(1)(B)(ii). First, since December 18, 2009, the continuances in the case have been either at the best of defense counsel or by agreement, so the delay would not be unjustified, as errors of defense counsel can not be attributed

to the State because there is no constitutional right to counsel on collateral attack. Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir. 1995). Thus, only the delay from May to November 2009 would be attributable to the State, and the Seventh Circuit cases finding delay inordinate have dealt with delays much longer than seven months. See Sceifers, 46 F.3d at 703 (eleven year delay); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) (three and one half years delay); Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970) (seventeen month delay). Therefore, the court will not excuse the requirement that Petitioner exhaust state court remedies before proceeding in federal court.

IT IS THEREFORE ORDERED THAT:

(1) The court directs the clerk to substitute Jesse Montgomery, Chief of the Parole Division of the Illinois Department of Corrections (IDOC), for Warden John Evans, as Respondent in this case.

(2) Petitioner's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is dismissed without prejudice, with leave to refile after the conclusion of the state court proceedings.

(3) This case is terminated.

ENTERED this 18th day of May, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE